**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 17, 2016

MEMORANDUM TO COUNSEL

    Re:    *Daimler Trust, et al. v. Prestige Annapolis, LLC*
            Civil Action No. ELH-16-544

Dear Counsel:

On February 25, 2016, Daimler Trust and Daimler Title Company ("Daimler Title"), plaintiffs, filed suit against Prestige Annapolis, LLC ("Prestige"), asserting four claims relating to a 2016 Mercedes-Benz (the "Car"): violation of due process rights under 42 U.S.C. § 1983 (Count I); replevin (Count II); violation of Article 24 of the Maryland Declaration of Rights (Count III); and conversion (Count IV). ECF 1. According to plaintiffs, jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, 1343, and 1367. *Id.* ¶¶ 3-5.

On March 11, 2016, plaintiffs executed a summons return, which evidenced service on Prestige on March 10, 2016. ECF 8. On March 16, 2016, plaintiff filed a "Motion to Release Motor Vehicle Upon Court Approval of Bond and Request for Issuance of Show Cause Order" (the "Motion"). ECF 9. In particular, plaintiffs seek "an immediate Order from the court" directing Prestige to show cause why the Car should not be released. *Id.* at 1. Plaintiffs aver, *id.*: "Due to the nature of Plaintiff's [sic] cause of action, expedited relief is necessary to avoid irreparable harm."

This Court, like all federal courts, has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp.* v. *Friend,* 559 U.S. 77, 94 (2010). Because it is not clear from the Complaint that jurisdiction has been established, I ask counsel to clarify the basis for this Court's jurisdiction. In addition, I ask plaintiffs to clarify the basis for their Motion.

Under 28 U.S.C. 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 also "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W Va. Energy Co.* v. *Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC* v. *Holibaugh,* 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz,* 559 U.S. at 96.

The amount in controversy certainly exceeds the $75,000 jurisdictional threshold. *See* ECF 1 ¶ 10. But, the Complaint does not adequately allege the citizenship of Daimler Trust or Prestige.

The Complaint alleges, in relevant part, *id.* ¶¶ 7, 9:

> 7. Plaintiff Daimler Trust is a business trust organized and existing by virtue of laws of the State of Delaware and the holder of the duly recorded ownership interest in the [Car].
>
> * * *
>
> 9. Defendant Prestige . . . is a limited liability company organized and existing under the laws of the State of Maryland and the entity currently in control of The [Car].

Courts in this District are divided over whether the citizenship of a business trust for diversity purposes is determined by the citizenship of its shareholders or its trustees. *See, e.g., Schaftel v. Highpointe Bus. Trust,* WMN-11-2879, 2012 WL 219511, at *2 (D. Md. Jan. 24, 2012) ("the Court agrees with Highpointe that, for purposes of diversity jurisdiction, the court looks to the citizenship of its trustee . . ."); *Gilroy v. Rappaport Mgmt. Co.*, TDC-14-0297, 2015 WL 3851893, at *3 (D. Md. Apr. 24, 2015) ("because SVF Holding is a real estate investment trust, *Belle View* [*Apartments v. Realty ReFund Trust*, 602 F.2d 668 (4th Cir. 1979)] requires that the Court look to the citizenship of all of SVF Holding's shareholders to determine if there is diversity.") Judge Motz has explained, *Allegis Grp., Inc. Contractors Health Plan Trust v. Connecticut Gen. Life Ins. Co.*, JFM-04-16, 2004 WL 1289862, at *4 n.3 (D. Md. June 10, 2004):

> Because I have determined that the Trust lacks the capacity to sue, I need not reach the question of whether the citizenship of the trust ought to be determined by the citizenship of its trustees or that of all its members. The trustees are the proper plaintiffs and real parties to the controversy for purposes of diversity jurisdiction. *See* [*Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 (1980)] ("[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others"). Therefore, under *Navarro,* their citizenship, not the citizenship of the beneficiaries, will determine whether diversity jurisdiction exists. *Id.* at 465–466, 100 S.Ct. at 1784. If the Trust did have the capacity to sue in its own name, a different result might be warranted by the Supreme Court's analysis in *C.T. Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (holding that for diversity purposes, the citizenship of an artificial entity depends on the citizenship of all its members).

Regardless of whether the citizenship of a business trust for diversity purposes is determined by the citizenship of its shareholders or trustees, plaintiffs have alleged the citizenship of neither Daimler Trust's shareholders nor its trustees.

In addition, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State,* 636 F.3d at 103. With respect to a LLC, citizenship "must be traced through however many layers of partners or members there may be." *Hart* v. *Terminex Int'l,* 336 F.3d 541, 543 (7th Cir. 2003). Here, plaintiffs have not alleged the citizenship of Prestige's members.

Diversity of citizenship might not be of significance if the Complaint sets out federal question jurisdiction. But, that, too, seems problematic. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Although 28 U.S.C. § 1331 provides federal jurisdiction for claims brought under 42 U.S.C. § 1983, it is not apparent that plaintiffs state a claim under § 1983.

Plaintiffs assert, *id.* ¶ 10: "Prestige acted under color of state law to deprive Daimler Trust and Daimler Title Co. of their property interests in [the Car] (a vehicle worth $137,576.00) in violation of the rights secured by the Fourteenth Amendment to the United States Constitution." Plaintiffs maintain, *id.* ¶ 11: "Prestige invoked the power of the State of Maryland to impress a nonconsensual (supposed) lien for $50,534.00 in charges for unauthorized and illegal racing-type modifications to [the Car]."

Section 1983 is aimed at state action and state actors. *See* 42 U.S.C. § 1983 (providing private right of action for deprivations of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage" of any state). Thus, "persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996) (citing *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970)).

The crux of plaintiffs' § 1983 claim is that "Prestige acted under color of state law to deprive [the plaintiffs] of their property interests in [the Car] . . . in violation of the rights secured by the Fourteenth Amendment . . . ," because it acted pursuant to a state statute. ECF 1 ¶ 10. Ordinarily, an actor who merely operates "with the knowledge of and pursuant to [a] statute" does not act under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (citation and quotation marks omitted). Thus, the Complaint does not appear to allege state action or conduct by state actors.

In light of the foregoing, by March 25, 2016, I ask plaintiffs' counsel to submit a statement clarifying diversity jurisdiction, by addressing the citizenship of the trustees and shareholders of Daimler Trust as well as the members of Prestige.

I turn next to plaintiffs' request for "an immediate Order from the court" directing Prestige to show cause why the Car should not be released immediately, upon the posting of a bond. ECF 9 at 1. According to plaintiffs' submissions, the Car was to have been auctioned on March 2, 2016. *See* ECF 9-1 at 3; ECF 1 ¶ 38; ECF 1-2 at 2. Accordingly, if plaintiffs wish to pursue their Motion, they are directed to explain why the motion is not moot, in view of the earlier assertion as to the auction that was to be held on March 2, 2016.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge