LAW OFFICES
# RICHARD D. LONDON & ASSOCIATES, P.C.

Richard D. London        2441 LINDEN LANE        Rasneek Gujral
(Licensed in MD & DC)    SILVER SPRING, MARYLAND 20910-1230    (Licensed in MD & VA)

TELEPHONE (301) 588-6900
FAX (240) 821-6855

March 24, 2016

**VIA ECF**

Hon. Ellen Lipton Hollander
District Court Judge
United States District Court, District of Maryland
101 West Lombard Street
Baltimore, MD 21201

         Re:     Daimler Trust, *et. al.* v. Prestige Annapolis, LLC, Dkt. No. 16-cv-544 (ELH)

Dear Judge Hollander:

     This firm represents Daimler Trust and Daimler Title Company ("Daimler Title") in the above captioned matter against Prestige Annapolis, LLC ("Prestige"). We are in receipt of Your Honor's March 17, 2016 letter regarding the Court's subject-matter jurisdiction and Plaintiffs' pending Order to Show Cause pursuant to Fed. R. Civ. P. 64 and Md. Code Ann., Com. Law § 16-206. We will endeavor to address each of Your Honor's questions below.

**Diversity**

     First, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Your Honor correctly recognizes the amount in controversy exceeds $75,000, as the vehicle that is the subject of this

dispute is worth approximately $130,000. Moreover, although not pled in its entirety, complete diversity of citizenship exists in this matter, as required. Daimler Title is a Delaware Corporation. Daimler Trust is a Delaware Trust, whose trustee, BNY Mellon Bank of Delaware, is a Delaware banking corporation. The sole beneficiary of Daimler Trust is Daimler Trust Holding LLC, whose sole member is Mercedes-Benz Financial Services USA LLC, whose sole member is Daimler Investments US Corporation, a Delaware Corporation. None of the aforementioned corporate entitles which relate to Plaintiffs have a principal place of business in Maryland—which might otherwise defeat diversity—as defined by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In short, for the purposes of determining diversity, the sole relevant jurisdiction, for plaintiffs, is Delaware.

Prestige Annapolis LLC is a Limited Liability Company organized under the laws of Maryland, with a principal place of business in Maryland, and a registered agent in Maryland. Public records indicate Prestige's sole member is Omid Shaffaat, and public records indicate Mr. Shaffaat is a Maryland resident. Thus, for purposes of determining diversity, the sole relevant jurisdiction, for defendant, is Maryland.

Plaintiffs are able to amend the Complaint to properly allege all facts necessary to show complete diversity, should the court desire Plaintiffs do so. Given the above, were such facts to be contained in a complaint, the analysis of jurisdiction would proceed on "a standard patterned on Rule 12(b)(6)" by "assum[ing] the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Given such standard, it would be incumbent on Prestige to present the Court with argument as to why, in fact, its citizenship is not completely diverse from Plaintiffs.

March 24, 2016
Page 2

**Federal Question**

Second, this Court has federal question jurisdiction. The state action in this case arises from Prestige's use of the garageman's lien remedy provided by Title 16 of the Maryland Commercial Law Code. ECF 1 (Exhibit "2," "Notice of Sale" stating that the remedy asserted against Plaintiffs is "pursuant to 16-202 to 16-207 of the Maryland Commercial Law Statutes"). Plaintiffs' challenge centers on the procedures prescribed by the garageman's lien statute, rather than Prestige's alleged abuse of them. ECF 1, Paragraph 52-53.

Under Maryland law, a garageman's lien is an "ex parte, prejudgment creditors remedy." *Allstate Lien and Recovery Corporation v. Stansbury*, 126 A.3d 40, 49-50 (2015). The Supreme Court set the standard for evaluation of state action in prejudgment creditor remedies in *Connecticut v. Doehr*:

> Prejudgment remedy statutes ordinarily apply to disputes between private parties rather than between an individual and the government. Such enactments are designed to enable one of the parties to "make use of state procedures with the overt, significant assistance of state officials," and they undoubtedly involve state action "substantial enough to implicate the Due Process Clause.

501 U.S. 1, 10-11 (1991) (quoting *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 486 (1988)). The threshold for finding state action in prejudgment creditor remedies is low, and will be satisfied by demonstrating that a party set in motion procedures designed to effect a remedy with the aid of state officials. *Wyatt v. Cole*, 994 F.2d 1113, 1117 (5th Cir. 1993) (Citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).

A statutory scheme which results in the state validating the involuntary transfer of a motor vehicle from one private party to another necessarily involves overt and significant aid by state officials,

thereby implicating due process protections. As one Maryland District Court noted, in analyzing a similar, related statute permitting a private party to transfer a vehicle without title or notification:

> [It] is appropriate to note that under the Maryland statute there is sufficient participation by the State to constitute state action and implicate due process. The statute not only authorizes the seizure of eligible vehicles, but <u>validates the transfer of ownership of the vehicle to the seizing party</u>.

*Associates Commercial v. Wood*, 22 F. Supp. 2d 502, 506, FN 6 (D. Md. 1998) (Messitte, J.) (emphasis added) (citing *Lugar v. (Edmondson) Oil Co.*, 457 U.S. 922 (1982) (finding state officials' joint participation with a private party in effecting prejudgment attachment of property implicates due process)).

The garageman's lien remedy which is the subject of this case culminates in a state agency, the Maryland Motor Vehicle Administration (the "MVA"), validating the transfer of ownership of the subject vehicle to the benefit of the garageman. *MD Comm L Code § 16-207(d)(1)* ("the Motor Vehicle Administration shall issue a title, free and clear of any lien, to the purchaser of any motor vehicle… sold under this section"). A certificate of title is required for all vehicles. Md. Code Ann., Transp. Title 13. There can be no doubt that the action by the MVA in affirmatively producing the tangible certificate of title constitutes an "overt" act.

The MVA issuing a title "free and clear" of all competing property interests provides "significant assistance" to the garageman's lien remedy. A party taking property can succeed only to the rights actually held by the person transferring that property, meaning that the transfer is subject to and does not eliminate other property rights, including existing liens. *In re*: *Metmor Financial*, 819 F.2d 446, 448-449 (4th Cir. 1987). Without the assistance of the state, the garage has only those interests held by the person who brought the vehicle to the garage, and can transfer to others only what he has. In this case,

without the Maryland statute in question, the garage has only possession, without title, of a vehicle still subject to competing claims, which claims the garageman has no power to eliminate. There would be very few, if any, buyers for a mere possessory right to a vehicle in which title is held by another, and which is encumbered by a lien.

Without the MVA's issuance of a new title, the garageman would have no remedy at all. Issuance of a "free and clear" title has the power and effect of a judicial decree which reorders (and eliminates) property rights in the vehicle, and as such, is the most significant aspect of the garageman's lien remedy. The state, via the MVA, has enabled the garageman to transfer property interests in a way that is otherwise impossible, by validating the garageman's transfer of a free and clear title. The state has created a remedy permitting the garage and the MVA to reorder, and, indeed, eliminate property rights which compete with the garageman's claim. Such assistance by a state agency involves the essentially judicial function of property redistribution. It is the involvement of the state, *i.e.* the MVA, that allows the garage to bypass the courts and all of the protections inherent in judicially supervised procedures. The transfer of ownership effectuated by the issuance of free and clear title, which includes the complete elimination of any lien interest, is effectuated without any hearing whatsoever, contrary to due process of law. *See, e.g., Propert v. D.C.*, 948 F.2d 1327, 1332 (D.C. Cir. 1991) ("the government is never relieved of its duty to provide. . . some opportunity to be heard prior to final deprivation of a property interest.").

Notably, prior to the enactment of the current Maryland Commercial Code garageman's lien remedy, Maryland's garageman's lien remedies gave garagemen neither priority over perfected security interests nor the right to sell the vehicle. *Allstate Lien*, 126 A.3d at 50-51. In this regard, the

significance of Maryland MVA actions in assisting the garageman by providing a free and clear title is evident—but for the affirmative actions of the Motor Vehicle Administration, no meaningful garageman's lien remedy exists.

Plaintiffs have demonstrated that Prestige utilized statutory procedures which expressly incorporate overt and affirmative assistance of state officials which results in a reordering of property rights. Under the holding of *Doehr*, 501 U.S. at 10-11, Prestige's actions in setting this procedure in motion constitutes action taken under color of state law and state action sufficient to sustain jurisdiction pursuant to 42 U.S.C. 1983.

**Order to Show Cause**

Finally, we address Your Honor's request that plaintiffs "explain why the motion is not moot, in view of the earlier assertion as to the auction that was to be held on March 2, 2016." The auction was not held due to Plaintiffs filing of this case prior to March 2, 2016, however Prestige could unilaterally reschedule the auction at any time. We respectfully submit that the holding of an auction is not the only loss Plaintiffs continue to suffer here. Plaintiffs allege Prestige is not entitled to possession of the subject vehicle *at all*, regardless of its plan to auction that vehicle or not. In any case, Maryland law expressly provides for an immediate release of a vehicle upon the posting of a bond, which relief is available in this Court pursuant to Fed. R. Civ. P. 64. Plaintiffs allege an ongoing constitutional deprivation by which their interests are harmed by each passing day, and that deprivation is Prestige's denial of Plaintiffs' right to possess the subject vehicle. Regardless of an auction, each day that passes diminishes the value of the subject vehicle. Plaintiffs' motion contains a number of citations to United

States District and Circuit Courts' recognition of a vehicle's depreciation over time as an immediate concern.  This is especially true where, as here, the vehicle in question is a brand-new, extremely valuable sports car.

**Conclusion**

      For the aforementioned reasons, we request that this Honorable Court accept Plaintiffs' basis for this Court's jurisdiction.

                                     Respectfully Submitted,

                                      /s/ Richard D. London
                                      RICHARD D. LONDON  (#03097)
                                      Richard D. London & Associates, P.C.
                                      2441 Linden Lane, Silver Spring, MD 20910
                                      T: (301) 588-6900; F: (240) 821-6855
                                      E-mail:  rlondonassoc@aol.com
                                      *Attorneys for Plaintiffs*