**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

May 9, 2016

MEMORANDUM TO COUNSEL

    Re:    *Daimler Trust, et al. v. Prestige Annapolis, LLC*
              Civil Action No. ELH-16-544

Dear Counsel:

       On March 16, 2016, plaintiffs filed a "Motion to Release Motor Vehicle Upon Court Approval of Bond and Request for Issuance of Show Cause Order." ECF 9. In response to my Memorandum to Counsel of March 17, 2016 (ECF 10), plaintiffs submitted supplemental briefing. ECF 11. Thereafter, on March 28, 2016, I issued the requested Order to Show Cause. ECF 12.

       On March 31, 2016, defendant Prestige Annapolis, LLC ("Prestige") filed a "Motion to Dismiss and Incorporated Memorandum of Law" ("Motion to Dismiss"), which challenges, *inter alia*, the Court's subject matter jurisdiction. ECF 13. Prestige maintains that plaintiffs cannot sustain a claim pursuant to 42 U.S.C. § 1983 against one who holds a garageman's lien under Maryland law. *See id.* at 4-5. Defendant also avers, *id.* at 2: "[T]he amount in controversy between the diverse parties does not in fact exceed $75,000 as required by 28 USC §1332 despite the plaintiffs' urgings in their Complaint." On April 14, 2016, plaintiffs filed their opposition to the Motion to Dismiss. ECF 15 ("Opposition"). Defendant has not replied and the time to do so has expired. *See* Local Rule 105.2.

       In addition, on April 29, 2016, defendant filed a "Response to Order to Show Cause" (ECF 22, "Response"), in which Prestige opposes the Show Cause hearing. Prestige "prays that the order to show cause be dissolved . . . ." *Id.* at 5. In particular, defendant questions whether "it is proper to hear this dispute in this forum, as opposed [to] the state court forum that is expressly available to the Plaintiffs under Maryland's Commercial Law Article section 16-202 et seq. . . . ." *Id.* at 2.

       The deadline by which plaintiffs may reply to defendant's Response to the Order to Show Cause has not yet expired. *See* ECF 12 at 2. Nevertheless, it would appear that § 16-206 of the Commercial Law Article ("C.L.") of the Maryland Code (2013 Repl. Vol., 2015 Supp.) is a state procedural rule. In this regard, I note that, when exercising diversity jurisdiction, federal courts apply substantive state law, but usually do not apply state procedure. *See generally Hanna v. Plumer*, 380 U.S. 460 (1965). Thus, a show cause hearing under C. L. § 16-206 may not be the appropriate procedural vehicle for plaintiffs to seek prejudgment possession in federal court of the automobile at issue.

- 2 -

Moreover, Prestige maintains that an Order to Show Cause is tantamount to a request for relief pursuant to Fed. R. Civ. P. 65(b).  Yet, as defendant observes, plaintiffs have not complied with the requirements of Fed. R. Civ. P. 65(b).  *See* ECF 22 at 2 n.1.

Accordingly, by May 16, 2016, plaintiffs are directed to reply to defendant's Response to the Order to Show Cause.  The reply should include legal authority in support of their right to a show cause hearing in federal court, pursuant to C.L. § 16-206.

As indicated, the Court must also resolve defendant's Motion to Dismiss (ECF 13).  As I noted in my Memorandum to Counsel of March 17, 2016 (ECF 10), § 1983 is aimed at state action and state actors. *See* 42 U.S.C. § 1983 (providing private right of action for deprivations of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage" of any state).  Ordinarily, an actor who merely operates "with the knowledge of and pursuant to [a] statute" does not act under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982) (citation and quotation marks omitted).  Plaintiffs have not made clear how, given the allegations in this case, the holder of a garageman's lien is a state actor for purposes of § 1983.

In light of the pending Motion to Dismiss, and the question as to the propriety of the show cause hearing, I have postponed, until further notice, the show cause hearing scheduled for May 18, 2016.  The postponement is without prejudice to the right of plaintiffs to seek relief pursuant to Fed. R. Civ. P. 65.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                    Very truly yours,

                      /s/
                    Ellen Lipton Hollander
                    United States District Judge